## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-602** (McDowell County CC-27-2008-F-55)

**James Leonard Riley III,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner James Leonard Riley III appeals the Circuit Court of McDowell County's May 15, 2023, order that revoked his supervised release and imposed a twenty-year term of imprisonment.[1] The petitioner argues that the period of supervised release the circuit court ordered that he serve following his release from incarceration is disproportionate, and that the terms of his supervised release infringe upon his right to exercise his religion by attending church. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner, who was already required to register as a sex offender for life, was indicted in 2008 for two counts of failure to provide notice of registration changes under the Sex Offender Registration Act ("failure to register"),[2] one count of sexual abuse by a custodian,[3] and one count

---

[1] The petitioner is represented by counsel R. Keith Flincham. The respondent appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. The petitioner's brief was filed by counsel pursuant to Rule 10(c)(10) of the West Virginia Rules of Appellate Procedure.

[2] *See* W. Va. Code § 15-12-8(c) (providing that "[a]ny person required to register for life pursuant to this article . . . who knowingly fails to register or knowingly fails to provide a change in any required information . . . is guilty of a felony").

[3] *See id.* § 61-8D-5(a) (2005) (providing that "[i]f any . . . custodian . . . shall engage in or attempt to engage in . . . sexual intercourse . . . or sexual contact with, a child under his or her care, custody or control . . . then such . . . custodian . . . shall be guilty of a felony"). We cite the 2005 version of this statute because it was in effect when the acts were committed; this statute was amended in 2010.

1

of third-degree sexual abuse.[4] The petitioner pled guilty to one count of failure to register and one count of sexual abuse by a custodian. In 2009, the circuit court consecutively sentenced the petitioner to one to five years of imprisonment for failure to register and ten to twenty years of imprisonment for sexual abuse by a custodian. The court also ordered the petitioner to serve fifty years of supervised release.[5]

The petitioner discharged his underlying prison sentence in November 2019, and the State filed its first petition to revoke his supervised release in May 2020. The petitioner admitted to violating the terms of his supervised release, and the circuit court sentenced him to serve one year in jail. The court also stated that after his release, he would have "forty-nine (49) years of supervised release left to serve."

In March 2021, the State filed its second petition to revoke the petitioner's supervised release, and the petitioner again admitted to violating the terms of his release.[6] The court released the petitioner from jail on April 11, 2022, after he had served 455 days for his second violation. The court also gave the petitioner credit for time served and stated that he "shall serve his remaining amount of time under supervised release."

In November 2022, the State filed its third petition to revoke supervised release, which is the subject of this appeal. The third petition alleged that the petitioner 1) changed his residence without prior approval, 2) failed to notify his probation officer of his change of residence within forty-eight hours, and 3) absconded supervision. The petitioner admitted to violating the terms of his release, and that he was also awaiting sentencing in a different county following his guilty plea to three counts of failure to register. The court sentenced him to twenty years of imprisonment for his third violation, "with the remaining years of his supervised release to be served upon his release from imprisonment." The court also ordered that the petitioner was to receive credit for time served in jail while awaiting resolution of the third petition, which it stated, "is approximately six (6) months off of his approximate forty-seven (47) years of the remainder of his supervised release." The petitioner appeals.

First, the petitioner contends that the period of supervised release the circuit court ordered that he serve following his release from incarceration is disproportionate. The petitioner does not challenge the circuit court's finding that he violated the terms of supervised release, nor does he dispute that those violations warranted revocation; instead, the petitioner asserts that the period of

---

[4] *See id.* § 61-8B-9(a) (providing that "[a] person is guilty of sexual abuse in the third degree when he subjects another person" under the age of sixteen to sexual contact).

[5] *See id.* § 62-12-26(a) (providing that a defendant shall serve up to fifty years of supervised release upon his conviction for certain specified crimes.)

[6] One of the admitted allegations in the second petition alleged that the petitioner attended church without prior notification to his probation officer. The record reflects that on November 9, 2020, and April 21, 2022, the petitioner signed a document agreeing that he "may not attend any church services or activities outside of my residence, until I have requested permission from my Officer, and it has been approved" by the court.

2

supervised release the circuit court ordered that he serve following his release from incarceration is disproportionate because he will be 112 years old once completed and because "requiring supervised release until" that age "would not occur in other jurisdictions."

> When reviewing an order modifying or revoking a defendant's supervised release under West Virginia Code § 62-12-26(h), we apply a three-pronged standard of review. We review the circuit court's final order and decision to modify or revoke a defendant's supervised release under an abuse of discretion standard; we review challenges to findings of fact under a clearly erroneous standard; and we review questions of law and interpretations of statutes de novo.

Syl. Pt. 1, *State v. White*, 249 W. Va. 532, 896 S.E.2d 698 (2023)

Similarly, we review "sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). "Where the issue involves the application of constitutional protections, our review is de novo." *State v. Patrick C.*, 243 W. Va. 258, 261, 843 S.E.2d 510, 513 (2020) (citations omitted). Furthermore, "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syl. Pt. 8, *State v. Vance*, 164 W. Va. 216, 262 S.E.2d 423 (1980). We ordinarily limit proportionality reviews to sentences "where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, in part, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). However, we often review supervised release sentences for proportionality. *See, e.g.*, *State v. Brautigam*, ___ W. Va. ___, ___, 922 S.E.2d 764, 770 (2025).

Like our other proportionality reviews, we apply two tests to evaluate the proportionality of a sentence issued upon the revocation of supervised release. *Id.* at ___, 922 S.E.2d at 770-71. "The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further." *State v. Cooper*, 172 W. Va. 266, 272, 304 S.E.2d 851, 857 (1983). The second is an objective inquiry, requiring us to give consideration "to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." *Id.* (quoting *Wanstreet*, 166 W. Va. at 523-24, 276 S.E.2d at 207, Syl. Pt. 5, in part). When considering these two tests, we bear in mind the relation of the purposes of supervised release—including rehabilitation, conditional liberty, and the protection of society—to the corresponding breach of the court's trust by a defendant and the resulting revocation term of imprisonment. *See Brautigam*, ___ W. Va. at ___, 922 S.E.2d at 771-72 (discussing the purposes of supervised release).

The petitioner's argument, addressing only his age, fails to establish that his sentence is disproportionate under either test. The petitioner has failed to explain how the sentence is subjectively disproportionate in relation to his original convictions or given his several prior revocations. And although he claims "other jurisdictions" would not require a period of supervised

3

release until age 112, he offers no support for that assertion, nor does he address any of the other factors of the objective test. Having failed to meaningfully address either test, the petitioner has failed to demonstrate that his sentence is disproportionate. *See State v. Hargus*, 232 W. Va. 735, 744, 753 S.E.2d 893, 902 (2013) (finding that the supervised release revocation sentence did not violate the objective proportionality test where the petitioner failed to address the relevant factors); *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (declining to address issues "mentioned only in passing but [that] are not supported with pertinent authority").[7]

Finally, in the petitioner's second and third assignments of error, he argues that the circuit court's requirement that he obtain prior approval to attend church services violates his "Freedom of Religion" guaranteed by the First Amendment to the United States Constitution and Article III, Section 15 of the West Virginia Constitution.[8] Here, too, the petitioner offers no argument explaining how his constitutional rights in this regard were violated, nor does he offer any authority to support a finding that they were in fact violated. Furthermore, he did not present this issue to the lower tribunal during his third revocation hearing. Thus, we decline to review this assignment of error. *See State v. Jessie*, 225 W. Va. 21, 27, 689 S.E.2d 21, 27 (2009) (providing that "nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal"); *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (declining to address assignments of error that the petitioner "fail[ed] to argue or adequately brief").

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[7] After the petition for appeal was filed, the State filed a Rule 35(a) motion to correct sentence in circuit court, stating that once jurisdiction is returned to the circuit court, the court should enter an order "reducing the remainder of [the petitioner's] supervised release time from approximately forty-seven (47) years to twenty-seven (27) years." In its brief, the respondent agrees "that the State's pending Rule 35(a) motion is necessary and appropriate, and such relief should be granted" by the circuit court. We express no opinion on the State's Rule 35(a) motion.

[8] Because the petitioner raises the two assignments of error together, we also address the assignments of error together.

4